■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BETANCUR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered January 23, 1985, convicting him of attempted criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, following a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements and physical evidence.

Ordered that the judgment is affirmed.

At the *Mapp/Huntley* hearing, Detective Olsen was the sole

witness. The defendant had purchased a pound of cocaine on consignment; and, later when he was unable to pay for it, he was kidnapped by his suppliers who were armed. These captors released the defendant so he could raise the money he owed. The defendant's friend substituted for him as hostage at that time. The defendant then went to the police with his brother for help and advised the police, during a one and one-half hour interview, of the foregoing and, in doing so, informed them of the underlying cocaine transaction of which the defendant was a party. The defendant then went with a detective and a sergeant to his apartment to retrieve a telephone book that contained the abductors' telephone number to aid in the investigation. While there, the defendant went into a bedroom, moved a dresser, reached behind it and handed a bag containing what later proved to be cocaine to the police stating, "Let me give you this stuff so I have no more problems with it". The defendant then assisted the police in obtaining a search warrant of the kidnappers' apartment. The kidnappers were subsequently apprehended and arrested, and later that evening, the defendant was placed under arrest for possession of cocaine.

At no time while he was at the police station or in his apartment was the defendant in police custody. The unrebutted testimony at the hearing reveals that the defendant was never restrained nor was his freedom curtailed in any manner. The defendant and the police were concerned solely with apprehending the kidnappers and saving the defendant's friend whose life was in danger. A reasonable person in the same circumstances as the defendant, innocent of any crime, would not have believed he was under custody and not free to leave (see, People v Yukl, 25 NY2d 585, 589, rearg denied 26 NY2d 845, cert denied 400 US 851). Similarly, the defendant voluntarily permitted the police entry into the apartment and spontaneously gave them the cocaine (see, People v Gonzalez, 39 NY2d 122). Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.